

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

SLT:GMP
F.#2011R01661/NY-NYE-648Z

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

October 17, 2013

<u>By Hand and ECF</u>
The Honorable Dora L. Irizarry
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  <u>United States v. Brent Sapergia</u>
           <u>Criminal Docket No. 11-486 (S-1)(DLI)</u>

Dear Judge Irizarry:

      The government respectfully submits this letter in advance of sentencing in the above-captioned case, which is scheduled for October 21, 2013.  By letter dated October 4, 2013, the defendant requests a sentence of time served.  For the reasons that follow, the government agrees that a non-Guidelines sentence is appropriate.

I.    <u>Background</u>

      In June 2007, agents from the New York Organized Crime Drug Enforcement Strike Force ("OCDESF") began an investigation into a large-scale narcotics distribution organization that was responsible for distributing large quantities of marijuana, cocaine, MDMA and prescription opiates throughout the United States, Canada and Europe.  (Presentence Report ("PSR") ¶¶ 4-6).

      During the course of the conspiracy, the defendant worked for Canadian marijuana conspirators as an armored car transfer agent.  (PSR ¶ 42).  The Canadian conspirators had opened a Canadian corporation that had the sole purpose of effectuating money laundering.  <u>Id</u>.  Sapergia's job was to communicate with the Canadian conspirators, who he initially believed to be legitimate employers, via encrypted BlackBerry wireless devices, meet Brinks armored car drivers at pre-arranged locations, accept packages of cash and then drive the cash to West Coast cocaine traffickers.  At the time Sapergia was hired, the Canadian conspirators used a ruse to make their company appear legitimate, complete with employment

identification cards, letterhead and rented office space. Id. Sapergia was paid by the Canadian conspirators by bank wire transfers into his personal account. Near the end of his involvement in 2010, Sapergia began to suspect that the company was not legitimate, but did not know the source of the funds. By late 2010, Sapergia also accepted several cash shipments from co-defendant Lance Schoner.

On June 4, 2013, the defendant pleaded guilty, pursuant to a plea agreement, to a single-count superseding information charging him with operating an unlicensed money remitting business in violation of Title 18, United States Code, Section 1960(a). (PSR ¶ 1).

## II.  Discussion

### A.  Legal Standard

The Sentencing Guidelines are advisory, not mandatory. United States v. Booker, 543 U.S. 220, 258-60 (2005). However, the Supreme Court held in Booker that sentencing courts must consider the Guidelines in formulating an appropriate sentence. Id. In Gall v. United States, 552 U.S. 38 (2007), the Supreme Court set forth the procedure for sentencing courts to follow in light of Booker:

> [A] district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range. As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark.

Gall, 552 U.S. at 49 (citation omitted). Next, a district court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [a district court] may not presume that the Guidelines range is reasonable. [A district court] must make an individualized assessment based on the facts presented." Id. at 49-50 (citation and footnote omitted).

B. <u>The Advisory Guidelines Range Is 30 to 37 Months</u>

The Probation Department has determined that the defendant's adjusted offense level is 21, based on his stipulation that he remitted at least $2,500,000, the defendant is in Criminal History Category I, and the advisory Guidelines sentencing range is 37 to 46 months' imprisonment. (PSR ¶¶ 126, 132). The government supports a further two-point reduction for global disposition pursuant to Guidelines Policy Statement 5K2.0. Including this reduction, the resulting advisory Guidelines sentencing range is 30 to 37 months. <u>Id.</u> ¶ 175.

C. <u>A Non-Guidelines Sentence is Appropriate</u>

In his letter dated October 4, 2013, the defendant moves for a sentence of probation based on his family circumstances and his attempt to make reparations for his conduct. Based on the factors set forth in 18 U.S.C. § 3553(a), the government agrees that a non-Guidelines sentence is appropriate in this case. While the defendant was an active participant in a large money laundering operation, the government credits the defendant's belief, at least initially, that he had obtained work with a legitimate employer, though he later came to understand otherwise. A non-Guidelines sentence is also appropriate in light of the defendant's extraordinary family circumstances. Thus, a sentence below the advisory Guidelines range of 30 to 37 months is appropriate to serve the specific and general deterrence goals of sentencing as well as provide adequate punishment for the offense.

IV.  Conclusion

      For the reasons set forth above, the government respectfully asks the Court to sentence the defendant to a sentence below the applicable Guidelines.

                              Respectfully submitted,

                              LORETTA E. LYNCH  
                              United States Attorney  
                              Eastern District of New York

                By:   /s/  
                              Steven L. Tiscione  
                              Gina M. Parlovecchio  
                              Assistant U.S. Attorneys  
                              (718) 254-6317/6228

cc:  Patricia Sullivan, U.S. Probation Officer (by E-mail)  
     Lou Freeman, Esq. (by ECF)  
     Clerk of Court (DLI) (by ECF)