# UNITED STATES DISTRICT COURT
## Eastern District of New York

| | |
|---|---|
| UNITED STATES OF AMERICA <br> v. <br> BRENT SAPERGIA | **JUDGMENT IN A CRIMINAL CASE** <br><br> Case Number: 11-CR-486 <br> USM Number: 47627-308 <br><br> Louis M. Freeman, Esq. <br> Defendant's Attorney |

**FILED**
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 25 2013 ★
BROOKLYN OFFICE

**THE DEFENDANT:**

☑ pleaded guilty to count(s)  1 of superseding information

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

☐ was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1960(a) | Operation of an unlicensed money transmitting business <br> a Class D felony | 12/31/2010 | 1s |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☑ Count(s)  all of superseding indictment  ☐ is  ☑ are  dismissed on the motion of the United States.
Defendant not named in underlying indictment.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

10/21/2013
Date of Imposition of Judgment

S/ Dora L. Irizarry
Signature of Judge

Dora L. Irizarry     U.S. District Judge
Name of Judge     Title of Judge

October 24, 2013
Date

DEFENDANT: BRENT SAPERGIA
CASE NUMBER: 11-CR-486

Judgment—Page 2 of 6

## PROBATION

The defendant is hereby sentenced to probation for a term of:

Two (2) years.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of placement on probation and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☐ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of probation that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment, or if such prior notification is not possible, then within forty eight hours after such change;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the cou and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or person; history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: BRENT SAPERGIA
CASE NUMBER: 11-CR-486

Judgment—Page 3 of 6

## ADDITIONAL PROBATION TERMS

1. The defendant's passport shall be returned to him and he is permitted to travel to Canada for employment purposes upon providing advance notice to the Probation Department.

2. If available in Arizona, the Probation Department shall assist the defendant in obtaining a certificate of relief from civil disabilities.

3. Transfer of supervision to the District of Arizona is permitted but this Court will retain jurisdiction.

AO 245B (Rev. 6/11/2011- NYED) Judgment in a Criminal Case
Sheet 4A — Probation

DEFENDANT: BRENT SAPERGIA
CASE NUMBER: 11-CR-486

DEFENDANT: BRENT SAPERGIA
CASE NUMBER: 11-CR-486

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall comply with the forfeiture order;

2. The defendant shall make full financial disclosure to the U.S. Probation Department;

3. The defendant shall not possess a firearm, ammunition, or destructive device;

4. The defendant shall submit to random testing to ensure abstinence from alcohol and drugs. If necessary, the defendant shall participate in an outpatient and/or inpatient drug treatment or detoxification program approved by the U.S. Probation Department. The defendant shall contribute to the costs of such treatment/detoxification not to exceed an amount determined reasonable by the Probation Department's Sliding Scale for Substance Abuse Treatment Services, and shall cooperate in securing any applicable third-party payment, such as insurance or Medicaid. The defendant shall disclose all financial information and documents to the Probation Department to assess his ability to pay. The defendant shall not consume any alcohol or other intoxicants during and after treatment/detoxification, unless granted a prescription by a licensed physician and proof of same is provided to the Probation Department. The defendant shall submit to testing during and after treatment to ensure abstinence from drugs and alcohol;

5. If deported, the defendant shall not re-enter the United States illegally;

The defendant shall maintain full-time, lawful, and verifiable employment.

DEFENDANT: BRENT SAPERGIA
CASE NUMBER: 11-CR-486

Judgment — Page 5 of 6

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ 0.00 | $ 0.00 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **TOTALS** | $ 0.00 | $ 0.00 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: BRENT SAPERGIA
CASE NUMBER: 11-CR-486

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 100.00 due immediately, balance due

    ☐ not later than _____, or
    ☐ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B ☐ Payment to begin immediately (may be combined with   ☐ C,   ☐ D, or   ☐ F below); or

C ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D ☐ Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:
    See attached order.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

SLR: LDM/BDM:CSK
F. #2010R01661
OCDETF #: NY-NYE-648Z/NY-NYE-670Z

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------X

UNITED STATES OF AMERICA

- against -

BRENT SAPERGIA,

       Defendant.

------------------------------X

ORDER OF FORFEITURE

11-CR-486 (S-2) (DLI)   53

WHEREAS, in the above-captioned case, on or about June 4, 2013, the defendant, BRENT SAPERGIA, pled guilty to a superseding Information, charging a violation of 18 U.S.C. § 1960(a); and

WHEREAS, pursuant to 18 U.S.C. § 982(a)(1), the defendant has consented and agreed to the entry of a forfeiture money judgment in the amount of ten thousand dollars and no cents ($10,000.00) in United States currency (the "Forfeiture Money Judgment"), as property, real or personal, involved in the defendant's violation of 18 U.S.C. § 1960(a), and/or property traceable to such property, and/or as substitute assets, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1).

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED, on consent, by and between the United States and the defendant as follows:

1. The defendant shall forfeit to the United States the full amount of the Forfeiture Money Judgment, pursuant to 18 U.S.C. §§ 982(a)(1), 982(b)(1), and 21 U.S.C. § 853.



2. Upon consent of the defendant and the government, the Forfeiture Money Judgment shall be paid in full on or before the date the defendant is scheduled to be sentenced by the Court (the "Final Due Date"). If the defendant fails to pay any portion of the Forfeiture Money Judgment on or before the Final Due Date, the defendant consents to the forfeiture of any other property alleged to be subject to forfeiture in the Indictment and/or Information. Interest on any unpaid portion of the Forfeiture Money Judgment shall begin to accrue at the judgment rate of interest from the Final Due Date. The United States shall be entitled to execute any unpaid portion of the Forfeiture Money Judgment pursuant to 21 U.S.C. § 853(p) as incorporated by 18 U.S.C. § 982(b)(1), the Federal Debt Collection Procedures Act, or any other applicable law.

3. All payments made towards the Forfeiture Money Judgment shall be made by certified or bank check, payable to "United States Marshals Service". The defendant shall cause said check to be delivered by personal messenger or overnight express mail to Assistant United States Attorney Claire S. Kedeshian, United States Attorney's Office, Eastern District of New York, 271 Cadman Plaza East, Brooklyn, New York 11201, with the criminal docket number noted on the face of the check.

4. Upon entry of this Order, the United States Attorney General or his designee is authorized to conduct any proper discover in accordance with Fed. R. Crim. P. 32.2(b)(3). The United States alone shall hold title to the monies paid by the defendant to satisfy the Forfeiture Money Judgment following the Court's entry of the judgment of conviction.

5. If the Forfeiture Money Judgment, or any portion thereof, is not forfeited to the United States, the United States may seek to enforce this Order against any other assets of the defendant up to the value of the Forfeiture Money Judgment not forfeited, pursuant to 21

U.S.C. § 853(p), the Federal Debt Collection Procedures Act, or any other applicable law. The defendant shall not file or interpose any claim or assist others to file or interpose any claim to the Forfeiture Money Judgment, or to any property against which the government seeks to execute the Forfeiture Money Judgment, in any administrative or judicial proceeding. The defendant shall take whatever steps are necessary to ensure that clear title to the Forfeiture Money Judgment, and/or any other property against which the government seeks to execute the Forfeiture Money Judgment passes to the United States, including the execution of any and all documents necessary to effectuate the immediate forfeiture of the Forfeiture Money Judgment, and/or any property against which the government seeks to execute the Forfeiture Money Judgment. The forfeiture of the Forfeiture Money Judgment shall not be considered a payment of a fine or a payment on any income taxes that may be due.

6. The defendant knowingly and voluntarily waives his right to any required notice concerning the forfeiture of the monies and/or properties forfeited hereunder, including notice set forth in an indictment or information. In addition, the defendant knowingly and voluntarily waives his right, if any, to a jury trial on the forfeiture of said monies and/or properties, and waives all constitutional, legal and equitable defenses to the forfeiture of said monies and/or properties, including, but not limited to, any defenses based on principles of double jeopardy, the <u>Ex Post Facto</u> clause of the Constitution, the statute of limitations, venue, or any defense under the Eighth Amendment, including a claim of excessive fines.

7. The terms contained herein shall be final and binding only upon the Court's "so ordering" of this Order.

8. Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A), this Order shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included

in the judgment. This Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

9. This Order shall be binding upon the defendant and the successors, administrators, heirs, assigns and transferees of the defendant, and shall survive the bankruptcy of any of them.

10. The Court shall retain jurisdiction over this action to enforce compliance with the terms of this Order.

Dated: Brooklyn, New York
Aug. ~~July~~ 15, 2013

So Ordered:

S/ Dora L. Irizarry

_____
HONORABLE DORA L. IRIZARRY
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK